IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VIJAY KUMAR,

    Petitioner,

v.                                             No. 1:26-cv-00282-MLG-LF

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, ERO El Paso Field Office,
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; TODD M. LYONS,
Acting Director of the United States
Immigration and Customs Enforcement;
PAMELA BONDI, U.S. Attorney General;
Executive Office for Immigration Review,
GEORGE DEDOS, Cibola County
Correctional Center,

    Respondents.

**ORDER PARTIALLY GRANTING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING PETITION FOR TEMPORARY
RESTRAINING ORDER AS MOOT, AND DIRECTING RESPONDENTS
TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Vijay Kumar's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Doc. 1, and Petition for Temporary Restraining Order ("TRO Petition"), Doc. 2. Kumar, an Indian citizen, is detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 at 1, 4. Kumar challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release Kumar from custody, or, in the alternative, to grant him a "constitutionally adequate bond hearing" under 8 U.S.C. § 1226(a). Doc. 1 at 3-4. He also requests that the writ declare that his continued detention violates the Immigration and Nationality Act, the

1

Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment to the United States Constitution; enjoin Kumar's transfer during the pendency of this action; and award Kumar costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. Doc. 1 at 20-21. Kumar seeks similar relief in his TRO Petition. *See* Doc. 2 at 1-2; Doc. 2-2 at 3. On February 12, 2026, federal Respondents filed a Response to the Habeas Petition and TRO Petition, Doc. 7, and Kumar filed a Reply, Doc. 8.

Whether Kumar is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C. § 1225(b)(2)(A),[1] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3-5 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). In doing so, the Court joins the "overwhelming, lopsided majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[2] like Kumar, who entered the United States in May 2025 and, after being temporarily detained, was released into the United States on his own recognizance. Doc. 1 at 4; *see, e.g.*, *Barco Mercado v.*

---

[1] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[2] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

*Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (observing that the "overwhelming, lopsided majority" of courts have rejected the interpretation that § 1225(b)(2)(A) requires mandatory detention of all undocumented noncitizens who enter the country illegally "until their removal proceedings are completed"). Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Doc. 7 at 2. They maintain that Kumar—like other similarly situated persons—is "subject to mandatory detention under § 1225(b), because he was present in the United States without being admitted or paroled." Doc. 7 at 1. In advancing this argument, federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 7 at 1. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 2025 WL 3485771, at *5 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it.").

The Court therefore concludes § 1226(a) governs Kumar's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Kumar without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or

3

dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").

Accordingly, the Court will grant Kumar's request for a bond hearing. Federal Respondents are ordered to provide Kumar with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[3] of this Order's filing. At the bond hearing, federal Respondents must justify Kumar's continued detention by clear and convincing evidence.[4] If federal Respondents fail to meet this evidentiary burden, Kumar should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial. If

---

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[4] This Court agrees with the "consensus view" that "where . . . the government seeks to detain [a noncitizen] pending removal proceedings, it bears the burden of proving that such detention is justified." *Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020) (internal quotation marks omitted) (quoting *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018)). "[G]iven the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Darko*, 342 F. Supp. 3d at 435. And "in accordance with the overwhelming majority of courts to have decided the issue," this Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436.

Kumar does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

The Court denies Kumar's TRO Petition as moot.[5]

It is so ordered.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE
                                                                      MATTHEW L. GARCIA

---

[5] The Court's partial grant of Kumar's Habeas Petition moots his TRO Petition because it seeks substantially the same relief as the Habeas Petition. *See* Doc. 2 at 1 (requesting Kumar's immediate release); Doc. 2-2 at 2 (requesting the issuance of a temporary restraining order directing "Respondents to release Kumar from custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a)"). The additional requested relief of enjoining Respondents from transferring Kumar outside of the District of New Mexico prior to the Court's adjudication of his Habeas Petition is also now moot. Doc. 2 at 1-2; Doc. 2-2 at 3.